PEOPLE OF PUERTO RICO, Plaintiff and Appellee, *v.* JOSÉ ALVARADO RENTAS, Defendant and Appellant.

No. 7577. Argued May 25, 1939.—Decided June 7, 1939.

*Adolfo García Veve* for appellant. *R. A. Gómez, Prosecuting Attorney,* and *Luis Janer, Assistant Prosecuting Attorney,* for appellee.

MR. JUSTICE TRAVIESO delivered the opinion of the Court.

José Alvarado Rentas was accused of the crime of attempted homicide against Pedro Polo Gómez Masas, whom, according to the information, he attacked with a machete on June 2, 1936. The jury found him guilty and the court sentenced him to six months in jail, from which judgment he appealed. He bases his appeal on the following three errors which in his opinion were committed by the lower court:

"1. In refusing to grant accused a new trial, since the verdict was contrary to law and the evidence.

"2. In permitting the Prosecuting Attorney to impeach his own witnesses.

"3. In extensively examining the witnesses."

██ In regard to the first error, it is clear that if the verdict is contrary to the evidence, a new trial should be granted according to Section 603 of the Code of Criminal Procedure (1935 ed.) But although it is true that between the testimony of the Prosecuting Attorney's witnesses and the testimony of the accused in his own defense and as his only witness, there is a marked conflict, nevertheless we must conclude that the jury had sufficient evidence before it to find the accused guilty.

According to the Prosecuting Attorney the facts occurred in the following manner: Pedro Polo Gómez Masas left his house early on the day in question to take some milk from the Ward Navarra, where he lived, to Caguas. He was on horseback and travelling on a country road and when he came out to the insular road he met some friends of his, among whom was the accused, before whom he continued travelling still on horseback. A little later he heard a voice and immediately thereafter he received two wounds from a machete on his back. He was not able to defend himself, since according to him the only arm that he carried was an old unloaded pistol. For reasons which are not now pertinent, the accused and the victim had had, five or six years before, a disagreement in which the victim had been wounded by a

bullet. This is in short the victim's testimony, which was corroborated by all the other witnesses brought by the prosecution. The testimony of the accused coincides in many points, but as is natural, his theory being self-defense, it appears from his testimony that when the victim approached on horseback the group with which he was walking, he heard the latter say that the occasion was ripe to revenge himself from the attack of which he had been a victim several years before, and that he immediately drew a pistol from the saddle-bags, but the accused was able to wound him with his machete in the aforesaid manner before he could use his weapon.

The jury's duty is to judge the credibility of the witnesses and to decide the conflicts in the evidence offered by the parties, and the courts should not interfere with verdicts rendered by a jury unless the same are not upheld by the evidence. In the present case the jury might have reached another conclusion, but the fact that it did not do so does not give the accused a right to a new trial, since there was sufficient evidence to justify the verdict of guilty.

"The jury has the right and the duty to determine whether the evidence is sufficient to sustain the charge against Pedro Ramírez of having killed Rafael Vives Nazario with malice aforethought and with the deliberate intention of killing him, or whether, on the contrary, the evidence of the defendant satisfactorily establishes self-defense. The law empowers the jury also to pass upon the credibility of the witnesses and to decide the conflicts or contradictions which may arise from evidence adduced by both parties. It is duty of the trial court and of the appellate courts to uphold its verdict, except in those cases in which the jury has committed a manifest abuse of its powers." *People* v. *Ramírez,* 50 P.R.R. 224.

See also the case of *People* v. *Pelliccia,* 53 P.R.R.——, ——, and cases cited therein.

The first error should therefore be dismissed.

██ To uphold his second error the accused refers in his brief to two situations: the first, when the witness of the prosecution, Alejandro Ramos, was testifying in regard

to testimony that he had given previously before the Prosecuting Attorney; and the second, when José Martínez, another witness of the prosecution, was testifying in regard to the pistol that the victim carried in the saddle-bags. In regard to the first of these two situations, the accused did not take any exception. Therefore, even assuming that the irregularity was committed, we are not in condition to review it. In regard to the other situation, we agree with the Prosecuting Attorney that this does not constitute an impeachment of the witness but merely questions which the Prosecuting Attorney made to the witness to clear up certain statements made in answer to questions propounded by the defense in the cross-examination. This supposed error also be dismissed.

The third error is trivial. In the first place, from the transcript of the evidence it does not appear that the judge of the court *a quo* examined the witnesses extensively as is alleged by the accused, but even though he had done so, it does not appear either that the appellant took any exception to the examination and even less that he took an exception against the acts of the judge.

The lower courts have ample powers and discretion to conduct the trial and to intervene when in their opinion it is necessary in the examination of the witnesses, to clear up facts which are not clear from the examination made by the parties. This intervention should adjust itself to the same rules and limitations imposed by law upon the parties and it should not tend in any way to favor nor prejudice either of the parties. The record does not show that the judge in the present case committed a breach of this rule.

For the foregoing reasons the judgment appealed from should be affirmed.